UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-509-H

JAMES E. MURPH                                           PLAINTIFF

v.

GREG STUMBO, ATTORNEY GENERAL                DEFENDANT

## MEMORANDUM OPINION

       This pauper, civil rights complaint is before the Court for screening, pursuant to 28 U.S.C. § 1915. Plaintiff, James E. Murph, *pro se*, seeks equitable relief, (namely, "no more harm" from "discrimination and hate" and "witness protection"), for violations of his Fifth and Seventh Amendment rights, among others. The Court will dismiss this action as frivolous.

### I.

       When an individual, who is proceeding *in forma pauperis*, commences a civil action, the district court must screen the complaint, before service of process on the defendants, and dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

       The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988). A claim is frivolous if the facts alleged are irrational or wholly incredible, as when they are fanciful, fantastic or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II.

Plaintiff alleges he "personally saw someone that look like Stumbo few times." There are no other allegations that pertain to the Attorney General, who is the sole Defendant named in this complaint. *See* Rule 10, Federal Rules of Civil Procedure, stating "In the complaint the title of the action shall include the names of all the parties ... ."

On the face of the complaint, Plaintiff lists other civil action numbers, actions that Plaintiff voluntarily dismissed.

The remaining allegations in the complaint are unintelligible, nonspecific, conclusory, and fanciful. They range from an unspecified difficulty with his medical records at Norton Hospital, University of Louisville Hospital, and Central State Hospital; to the Social Security Administration taking money from his disability check; HUD refusing him housing; and the Attorney General's spies watching him.

Aside from witness protection and no further harm, Plaintiff seeks a jury trial.

**III.**

If a pauper's action is frivolous, federal statutory law directs that the court shall dismiss the case at any time. 28 U.S.C. § 1915(e)(2). In *Neitzke v. Williams*, the Supreme Court defined the statutory term "frivolous" with reference to the common-law standard of "legal frivolousness," and explained:

> [In Sixth Amendment cases], we stated that an appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." [citation omitted] *By logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact*. ...[The] term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (emphasis added).

Having clarified whether the *legal* basis of a complaint is frivolous in *Neitzke*, the Court revisited the question of frivolousness more specifically in terms of a litigant's *factual* allegations in *Denton v. Hernandez*, 504 U.S. 29 (1992).[1] There, the Ninth Circuit Court of Appeals had held that "the district court could dismiss a complaint as factually frivolous only if the allegations conflicted with judicially noticeable facts, that is, facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id*. at 30.

The Supreme Court took a more lenient approach. Although a district court's initial assessment of a complaint "cannot serve as a fact-finding process for the resolution of disputed facts," the district court is not constrained to rely solely on judicially noticeable facts. *Id.* at 32.

---

[1] One of the holdings in *Denton* – the appellate standard of review – has been superceded by statute. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (1997) (holding that an amendment to 28 U.S.C. § 1915 required *de novo* review rather than the abuse of discretion standard recognized in *Denton*).

3

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33. If the facts alleged are "clearly baseless," a court may dismiss a claim as factually frivolous. *Id*. at 32-33.

The Court concludes the complaint contains nonspecific, conclusory allegations that lack an arguable basis in law and fact. Accordingly, the Court will dismiss the complaint as frivolous by separate order.

Dated:

cc:     Plaintiff, *pro se*

4412.007